UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

JACQUELINE ALAYON CABALLERO,

       Plaintiff,

v.

OASIS OUTSOURCING ADMIN II, INC.,
a Florida for profit corporation f/k/a PAY
ADMIN II, INC., a Florida for profit corporation,
f/k/a A-1 CONTRACT STAFFING VI, LLC,
a Florida limited liability company;
SUBWAY 5382, INC., a Florida corporation and
SUBWAY 57575, INC., a Florida corporation,

       Defendants.
_____/

## NOTICE OF REMOVAL

      Defendants, OASIS OUTSOURCING ADMIN II, INC., SUBWAY 5382, INC., and SUBWAY 57575, INC., by counsel and pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446, hereby remove this action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida, Miami Division.  In support of removal Defendants state:

      1.      Plaintiff, Jacqueline Alayon Caballero, commenced this civil action in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case No. 2016-024098-CA-01, on September 15, 2016 by filing a Complaint against Defendants alleging that they violated the Florida Civil Rights Act, Fla. Stat. § 760.01, *et seq*. ("FCRA") (Count I), 42 U.S.C. § 1981 (Count II) and the Fair Labor Standards Act ("FLSA") (Count III).

2.  Subway 5382, Inc. and Subway 57575, Inc. were served on October 7, 2016. Oasis Outsourcing Admin II, Inc. was served on October 21, 2016.

3.  This Notice is timely filed within 30 days of service of the Complaint on the first defendant.

4.  The Complaint was originally filed in Miami-Dade County, Florida. Plaintiff alleged venue was proper in Miami-Dade County (Complaint ¶ 3). Thus, upon removal, venue properly lies in the United States District Court for the Southern District of Florida, Miami Division.

5.  Pursuant to 28 U.S.C. § 1446(a) and Local Rule 4.02(b), copies of all process, pleadings, orders, and other papers currently on file in the state court action, Case No. 2016-024098-CA-01, are attached hereto as composite **Exhibit A.**

6.  Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice will be served on Plaintiff, the only adverse party, and a Notice of Filing Notice of Removal will also be filed with the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. A copy of the Notice of Filing Notice of Removal is attached hereto as **Exhibit B.**

### Federal Question Jurisdiction

7.  This action is properly removable to federal court pursuant to 28 U.S.C. § 1441(a) because Plaintiff's Complaint presents a federal question pursuant to 28 U.S.C. § 1331, as Plaintiff alleges the violation of federal statutes, section 1981 and the FLSA.

8.  Removal is therefore appropriate pursuant to 28 U.S.C. § 1441(a).

### Supplemental Jurisdiction

9.  Moreover, this Court has supplemental jurisdiction over Plaintiff's claims under the FCRA pursuant to 28 U.S.C. § 1367, which dictates that this Court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original

jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. *See, e.g., Roche v. John Hancock Mut. Life Ins. Co.*, 81 F.3d 249 (1st Cir. 1996).

10. Plaintiff's claims under the FCRA and section 1981 all stem from the same nucleus of operative facts. In both, claims Plaintiff is alleging she was wrongfully terminated because of her national origin. Moreover, Plaintiff is seeking identical damages for each claim. To hear these actions individually in separate courts would create duplication and waste.

11. No reason exists under 28 U.S.C. § 1367(b) or (c) that Plaintiff's claims related to her employment with Defendant should not be adjudicated solely in this Court. First, Plaintiff's claims raise no novel or complex issue of state law. Second, Plaintiff's state claims do not substantially predominate over the section 1981 and FLSA claims over which this Court has jurisdiction. *See Jin v. Ministry of State Security,* 254 F. Supp. 2d 61 (D.D.C. 2003) (Exercise of supplemental jurisdiction over practitioners' state law defamation claims against Chinese television corporation was warranted in practitioners' civil rights action against Chinese government agencies and officials, even though practitioners were domiciled in different states, where defamation claims formed key part of alleged overarching campaign to abridge and nullify practitioners' rights and liberties, and defamation claim did not raise complex issues of state law that outweighed court's interest in promoting judicial economy.)

12. If the Court does not exercise supplemental jurisdiction over Plaintiff's FCRA claim, Plaintiff could potentially prevail in two separate causes of action arising under the same nucleus of operative facts. Such duplicative recovery is specifically prohibited as impermissible claim splitting.

13. By filing this Notice of Removal, Defendants do not waive any jurisdictional defenses or any defenses to the claims made in the Complaint.

WHEREFORE, on the basis of the foregoing, Defendants respectfully removes this action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida to this Court.

Respectfully submitted this 2nd day of November, 2016.

By: /s/ Elizabeth M. Rodriguez
Elizabeth M. Rodriguez
Florida Bar No. 821690
erodriguez@fordharrison.com
FordHarrison
100 SE Second Street, Suite 2150
Miami, Florida 33131
Telephone: (305) 808-2143
Facsimile: (305) 808-2101
Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of November, 2016, I electronically filed the foregoing with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Elizabeth M. Rodriguez

## SERVICE LIST

Anthony V. Falzon, Esq.
SIMON, SCHINDLER & SANDBERG LLP
2650 Biscayne Boulevard
Miami, FL 33137
Tel: (305)576-1300
Fax: (305)576-1331
Email: afalzon@miami-law.net
Attorney for Plaintiff

By: s/ Elizabeth M. Rodriguez
Attorney for Defendants

WSACTIVELLP:8827158.1