# COMPOSITE EXHIBIT A

printing document

Filing # 46507488 E-Filed 09/15/2016 03:28:50 PM

## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form shall be filed by the plaintiff or petitioner for the use of the Clerk of the Court for the purpose of reporting judicial workload data pursuant to Florida Statutes section 25.075.

| I. | **CASE STYLE** | |

IN THE CIRCUIT COURT OF THE ELEVENTH  JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE  COUNTY, FLORIDA

Case No.:_____
Judge: _____

Jacqueline Alayon Caballero
Plaintiff

vs.

Oasis Outsourcing Admin II, Inc., Subway 5382 Inc., Subway 57575 Inc.
Defendant

| II. | **TYPE OF CASE** | |

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence – other
  ☐ Business governance
  ☐ Business torts
  ☐ Environmental/Toxic tort
  ☐ Third party indemnification
  ☐ Construction defect
  ☐ Mass tort
  ☐ Negligent security
  ☐ Nursing home negligence
  ☐ Premises liability – commercial
  ☐ Premises liability – residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
  ☐ Commercial foreclosure $0 - $50,000
  ☐ Commercial foreclosure $50,001 - $249,999
  ☐ Commercial foreclosure $250,000 or more
  ☐ Homestead residential foreclosure $0 – 50,000
  ☐ Homestead residential foreclosure $50,001 - $249,999
  ☐ Homestead residential foreclosure $250,000 or more
  ☐ Non-homestead residential foreclosure $0 - $50,000
  ☐ Non-homestead residential foreclosure $50,001 - $249,999
  ☐ Non-homestead residential foreclosure $250,00 or more

☐ Other real property actions $0 - $50,000
☐ Other real property actions $50,001 - $249,999
☐ Other real property actions $250,000 or more

☐ Professional malpractice
  ☐ Malpractice – business
  ☐ Malpractice – medical
  ☐ Malpractice – other professional
☒ Other
  ☐ Antitrust/Trade Regulation
  ☐ Business Transaction
  ☐ Circuit Civil - Not Applicable
  ☐ Constitutional challenge-statute or ordinance
  ☐ Constitutional challenge-proposed amendment
  ☐ Corporate Trusts
  ☒ Discrimination-employment or other
  ☐ Insurance claims
  ☐ Intellectual property
  ☐ Libel/Slander
  ☐ Shareholder derivative action
  ☐ Securities litigation
  ☐ Trade secrets
  ☐ Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

III.   **REMEDIES SOUGHT** (check all that apply):
      ☒  Monetary;
      ☒  Non-monetary
      ☒  Non-monetary declaratory or injunctive relief;
      ☒  Punitive

IV.   **NUMBER OF CAUSES OF ACTION:** (     )
(Specify)

    3

V.   **IS THIS CASE A CLASS ACTION LAWSUIT?**
      ☐  Yes
      ☒  No

VI.   **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
      ☒  No
      ☐  Yes – If "yes" list all related cases by name, case number and court:

VII.   **IS JURY TRIAL DEMANDED IN COMPLAINT?**
      ☒  Yes
      ☐  No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature s/ Anthony V Falzon        FL Bar No.: 69167
    Attorney or party                   (Bar number, if attorney)

    Anthony V Falzon        09/15/2016
    (Type or print name)                Date

printing document                                                         Page 1 of 10

Filing # 46507488 E-Filed 09/15/2016 03:28:50 PM

IN THE CIRCUIT COURT FOR THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.:

JACQUELINE ALAYON CABALLERO,

   Plaintiff,

vs.

OASIS OUTSOURCING ADMIN II, INC.,
a Florida for profit corporation f/k/a PAY
ADMIN II, INC., a Florida for profit corporation,
f/k/a A-1 CONTRACT STAFFING VI, LLC, a Florida
limited liability company; SUBWAY 5382 INC.,
a Florida corporation and SUBWAY 57575 INC.,
a Florida corporation.

   Defendants,

_____/

## COMPLAINT

   Plaintiff, JACQUELINE ALAYON CABALLERO ("Plaintiff") sues the Defendants OASIS

OUTSOURCING ADMIN II, INC., a Florida for profit corporation formerly known as PAY ADMIN

II, INC., a Florida for profit corporation which in turn was formerly known as A-1 CONTRACT

STAFFING VI, LLC, a Florida limited liability company ("Oasis Outsourcing"); SUBWAY 5382

INC., a Florida corporation and SUBWAY 57575 INC., a Florida corporation (jointly

"Subway")(collectively "the Defendants" or "the Employer") and as grounds therefore alleges:

### JURISDICTIONAL ALLEGATIONS

1.  This is an action against the Defendants to recover damages pursuant to Fla. Stat.

1

printing document

760.10 *et seq.* and for unpaid overtime pursuant to the Fair Labor Standards Act.

2.      This Court has jurisdiction over this action because the amount in dispute is in excess of fifteen thousand dollars ($15,000.00) exclusive of interest, costs and attorneys fees, over which this court has subject matter jurisdiction.

3.      Venue is proper in Miami-Dade County because the wrongful acts complained of occurred in Miami-Dade County and the Defendants conducted business in Miami-Dade County, Florida.

4.      Plaintiff at all material times was a lawful resident of Miami-Dade County, over the age of 18, and was employed first as a counter employee at Subway 5382 and then as the store manager at Subway 57575 in downtown Miami.  Although employed as a store manager, Plaintiff spent the majority of her time carrying out the same duties as a counter employee.

5.      Defendant OASIS OUTSOURCING ADMIN II, INC., a Florida corporation, is a corporation authorized to do business in the State of Florida and conducts business in Miami-Dade County and can be served with process through its Registered Agent Terry P. Mayotte, 2054 Vista Parkway, Suite 300, West Palm Beach, FL 33411.

6.      Oasis Outsourcing, was formerly known as Pay Admin II, Inc. before it changed its name on December 15, 2015.  A-1 Contract Staffing VI, LLC merged with Pay Admin II, Inc. In on November 9, 2015.

7.      Defendants, SUBWAY 5382 Inc. and SUBWAY 57575 Inc., are both Florida for profit corporations, which are authorized to do business in the State of Florida and conduct business Ilprovides Human Resource services for Subway.

9.      Plaintiff alleges that Oasis Outsourcing and Subway are jointly responsible for

2

violations of Fla. Stat. 760.10 *et seq.* alleged herein in that they are "joint employers" or alternatively

that Oasis Outsourcing acted as agents for Subway and that as such Oasis Outsourcing is "vicariously

liable" for Subway's violations of Fla. Stat. 760.10 *et seq.* Furthermore, Plaintiff alleges that Oasis

Outsourcing held itself out to be the "apparent or ostensible employer" of Plaintiff. The Defendants

at all material times were employers as that term is defined in 29 U.S.C.§203(d).

10.     The Defendants at all relevant times had annual gross operating revenues in excess

of $500,000.00.

11.     The Defendants at all relevant times were engaged in "interstate commerce" within

the meaning of 29 U.S.C. § 203.

12.     The Defendants had employees engaged in commerce or in the production of goods

for commerce, or had employees handling, selling or otherwise working on goods or materials that

have been moved in or produced for commerce within the meaning of 29 U.S.C. §203.

13.     In performing her duties for the Defendants, the Plaintiff engaged in commerce or

production of goods for commerce within the meaning of 29 U.S.C. §203(b) in that the Plaintiff used

goods and products that had been moved or produced in interstate commerce.

14.     Despite the fact that Plaintiff spent the majority of her time performing non-exempt

tasks, the Defendants refused to pay her overtime.

15.     Plaintiff has satisfied the procedural requirements of Fla. Stat. 760.10 *et seq.* by filing

a charge with the Equal Employment Opportunity Commission and by bringing this action within

90 days of his receipt from the EEOC of the Notice of Right to Sue.

## FACTS GIVING RISE TO CAUSE OF ACTION

16.     Plaintiff worked for the Defendants from March 10, 2013 until she was discharged

3

printing document

on or about August 18, 2015.

17.     When Plaintiff, a Cuban national, was hired she was assigned to work at Subway Store 5382. The Defendants were satisfied with Plaintiff's performance and even recommended that she undergo training to be promoted to the position of manager.

18.     In June of 2014 the Defendants rotated and reassigned managers within the various stores and Angela Quintero, a Colombian national, became manager with direct supervisory authority over the Plaintiff.

19.     Ms. Quintero immediately made it clear that she disliked Cubans and would ridicule the Plaintiff's accent, her manner of speaking Spanish, her expressive hand gestures and her heavy Cuban accent.

20.     In November of 2014, the Plaintiff informed Ms. Quintero that her work permit was about to expire. Ms. Quintero immediately let the Plaintiff know that if her permit was not renewed then the company would have to let her go.  When the Plaintiff renewed her work permit and informed Ms. Quintero, she angrily commented that Cubans got preferential treatment in the United States.  She would constantly inquire as to the type of government assistance that the Plaintiff was receiving and wanted to know if the benefits were restricted to Cuban nationals.

21.     When the Plaintiff asked when she could take the manager training course, Ms. Quintero would condescendingly respond that the time was not yet ripe for her to take the course. Eventually Ms. Quintero took two weeks of vacation and the Plaintiff filled in for her while she was away.  Upon her return from vacation, Ms. Quintero asked the storeworkers how they felt that the Plaintiff had performed as substitute manager and they all replied that they were satisfied with her performance.  Ms. Quintero commented that "well you're all Cubans after all."

4

printing document

22.     In April of 2015, the Plaintiff asked to be transferred to another store. The Plaintiff wanted to be transferred to a store downtown so that she could work close to her daughter who also worked for Subway. The Plaintiff wanted to use the sole motor vehicle owned by her family to transport both her daughter and herself to work. Ms. Quintero replied that she would only agree to the transfer if the Plaintiff found someone to fill her position and instructed the Plaintiff that her replacement must not be black or Cuban.

23.     On May 12, 2015 the Plaintiff was promoted to manager of Subway Store 57575 in downtown Miami and when Ms. Quintero was informed about her promotion she commented that "obviously she was promoted since she is a Cuban."

24.     In August, 2015 Ms. Quintero was promoted to the position of store supervisor with responsibility for supervising seven Subway Stores including Store 57575 where the Plaintiff worked as store manager.

25.     Ms. Quintero showed up to carry an on site inspection of Store 57575 within a short while of being appointed to her new position. Ms. Quintero's inspection of the Plaintiff's store lasted for several hours during which Ms. Quintero inspected the store in minute detail. Despite finding the store to be in compliance with company standards, Ms. Quintero still felt the need to warn the Plaintiff that she should not expect preferential treatment just because she was a Cuban. Ms. Quintero went on to explain that the minute she found something out of order she would issue the Plaintiff with a warning and if there was second incident she would be fired. Ms. Quintero made this statement to the Plaintiff in a condescending and threatening tone of voice in front of the store employees.

26.     The very next day, Ms. Quintero showed up at Store 57575 for a second time to

5

inform the Plaintiff that she had discovered that the Plaintiff had been paying herself for the reimbursement of a parking space when according to Ms. Quintero, the Plaintiff did not have a car. When the Plaintiff explained that she did have a car and that she shared the use of her car with her daughter, Ms. Quintero accused her of misusing her parking privileges. The Plaintiff explained that she would drive herself into work and then give the keys to her daughter who began her shift later. The Plaintiff explained that when she ended her shift she would return home using public transportation. Her daughter would then pick the car up after she ended her shift and use the car to go to college returning home after her college classes.

27.     Ms. Quintero insisted that this constituted theft and proceeded to write the Plaintiff up. When the Plaintiff refused to sign the English language document because she did not understand it, Ms. Quintero proceeded to suspend her for insubordination. The Plaintiff was fired the next day and Ms. Quintero replaced her with a Colombian national.

**COUNT I - VIOLATION OF FLA. STAT. 760 ON THE BASIS OF NATIONAL ORIGIN**

28.     Plaintiff adopts and realleges the jurisdictional and general allegations of paragraphs 1 through 27.

29.     This is an action for damages and injunctive relief brought pursuant to Fla. Stat. 760.

30.     The conduct of the Defendants to the Plaintiff was in violation of Fla. Stat. 760.

31.     Plaintiff belongs to a protected class within the meaning of Fla. Stat. 760.10 because she is Cuban.

32.     As set forth above, Plaintiff was lawfully terminated because of her national origin and/or ethnicity.

33.     The adverse action Plaintiff endured was because of her national origin and/or

6

ethnicity.

34.    Defendant is liable because as set forth above, its supervisory personnel was responsible for the actions complained of.

35.    As a direct and proximate result of the actions or omissions of Defendant, Plaintiff has sustained loss of earnings and the benefits of employment in the past (back pay) and in the future (front pay), compensatory damages and punitive damages all of which she is entitled to recover under the terms of the Florida Civil Rights Act.

36.    As a result of the deprivation of rights at the hands of the Defendants and its agents, Plaintiff has been forced to hire an attorney and pay him a reasonable fee, which he is entitled to recover pursuant to the Florida Civil Rights Act.

WHEREFORE, Plaintiff, Jacqueline Alayon Caballero, demands judgment against the Defendants, for damages as set forth under the Florida Civil Rights Act and further demands judgment for such other relief as this Court deems just and equitable and further demands trial by jury for all issues so triable of right by jury.

## COUNT TWO - DISCRIMINATORY DISCHARGE IN VIOLATION OF 42 U.S.C. § 1981

37.    Plaintiff adopts and realleges the jurisdictional and general allegations of paragraphs 1 through 27.

38.    Defendants have intentionally engaged in unlawful employment practices and discrimination in violation of 42 U.S.C. §1981, by terminating her because of her race/ethnic characteristics/ancestry as those terms were understood in 1866 .

40.    The effect of the practices complained of above has been to deprive the Plaintiff of equal employment opportunities, and otherwise adversely affect her status as an employee, because

7

printing document

of her race/ethnic characteristics/ancestry as those terms were understood in 1866.

41.     As a direct and proximate result of the intentional violations by Defendants of the Plaintiff's rights under 42 U.S.C. §1981, by discharging her because of her race/ethnic characteristics/ancestry, the Plaintiff has been damaged.

WHEREFORE, Plaintiff, Jacqueline Alayon Caballero, demands judgment against the Defendants, for damages including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity, emotional pain, suffering, mental anguish, loss of enjoyment of life, other non-pecuniary losses and punitive damages and further demands judgment for such other relief as this Court deems just and equitable and further demands trial by jury for all issues so triable of right by jury.

### COUNT THREE - OVERTIME VIOLATIONS

42.     Plaintiff adopts and realleges the jurisdictional and general allegations of paragraphs 1 through 27.

43.     Section 207(a)(1) provides as follows:

Except as otherwise provided in this section, no employer shall employ any of his employees who in any work week is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless each such employee receives compensation for his employment in excess of the house above specified at a rate of not less than one and a half times the regular rate at which he is employed.

44.     The Defendants decision to classify Plaintiff as exempt from overtime pay entitlements is unlawful. At no relevant time did the Plaintiff primarily engage in exempt duties. Neither the executive exemption under 29 C.F.R. §541.1, the administrative exemption under 29

8

printing document

C.F.R. § 541.2, the professional exemption under 29 C.F.R. § 541.3, nor the outside sales exemption under 29 C.F.R. §541.506 precludes Plaintiff from asserting her right to overtime pay. Plaintiff did not regularly exercise discretion and independent judgment in carrying out her job duties, and had no discretion in making company policy.

45.     Plaintiff has worked overtime hours for the Defendants without being paid overtime premiums in violation of the FLSA.

46.     The Defendants have wilfully violated the FLSA. As a result the Defendants are liable to the Plaintiff for liquidated damages in an amount equal to the wages the Defendants have failed to pay as a result of the foregoing violation.

47.     Plaintiff is entitled to all of the overtime wages that she is owed, as well as costs and attorney's fees she expended in bringing this action to recover her unpaid wages.

WHEREFORE, Plaintiff requests compensatory and liquidated damages and reasonable attorney's fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing to Plaintiff for Plaintiff's entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs. Plaintiff is also entitled to injunctive relief restraining Defendants from committing any future FLSA violations. In the event that Plaintiff does not recover liquidated damages, then Plaintiff seeks an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated September 15, 2016

9

Respectfully Submitted,

SIMON, SCHINDLER & SANDBERG LLP
2650 Biscayne Boulevard
Miami, FL 33137
Tel: (305) 576 1300
Fax: (305) 576 1331
E-Mail: afalzon@miami-law.net

By:/s/ *Anthony V. Falzon*
Anthony V. Falzon Esq.
Fla. Bar. No. 69167

10

printing document

Filing # 46758166 E-Filed 09/21/2016 04:48:09 PM

IN THE CIRCUIT COURT FOR THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 16-024098 CA 01

JACQUELINE ALAYON CABALLERO,

       Plaintiff,

vs.

OASIS OUTSOURCING ADMIN II, INC.,
a Florida for profit corporation f/k/a PAY
ADMIN II, INC., a Florida for profit corporation,
f/k/a A-1 CONTRACT STAFFING VI, LLC, a Florida
limited liability company; SUBWAY 5382 INC.,
a Florida corporation and SUBWAY 57575 INC.,
a Florida corporation.

       Defendants,

_____/

THE STATE OF FLORIDA:

       YOU ARE COMMANDED to serve this Summons and a copy of the Complaint in this action on the Defendant: OASIS OUTSOURCING ADMIN II, INC., a Florida for profit corporation formerly known as PAY ADMIN II, INC., a Florida for profit corporation which in turn was formerly known as A-1 CONTRACT STAFFING VI, LLC, a Florida limited liability company.

       1)     By serving, Authorized Agent for Service of Process for OASIS OUTSOURCING ADMIN II, INC., a Florida for profit corporation formerly known as PAY ADMIN II, INC., a Florida for profit corporation which in turn was formerly known as A-1 CONTRACT STAFFING VI, LLC, a Florida limited liability company.

**TERRY P. MAYOTTE**
**2054 VISTA PARKWAY**
**SUITE 300**
**WEST PALM BEACH, FL 33411**

Each Defendant is hereby required to serve written defenses to the Complaint on Plaintiff's attorney, to-wit:

**ANTHONY V. FALZON ESQUIRE**
**SIMON, SCHINDLER & SANDBERG, L.L.P.**
**2650 Biscayne Boulevard**
**Miami, Florida  33137-4590**
**Tel: (305) 576-1300**
**Fax. (305) 576-1331**

**within twenty (20) days after service of this summons upon that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.**

DATED on _____

                                        HARVEY RUVIN
                                        as Clerk of said Court

                                        By:_____
(Court Seal)                                    as Deputy Clerk

IMPORTANT

A lawsuit has been filed against you.  You have 20 calendar days after this Summons to file a written response to the Petition in this Court.  A phone call will not protect you; your written response, including the above case number and named parties, must be filed if you want the Court to hear your case.  If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court.  There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, it should be filed with the Court, located at:

Miami Dade County Courthouse
73 West Flagler Street
Miami, FL 33130

EXPLANATION

The Summons form for personal service on individuals is to be used for service on individuals under the following provisions: Florida Statutes 48.031 (service of process generally) 48.041 (service on minors), 48.042 (service on incompetents), 48.051 (service on state prisoners), 48.103 (service of process in action for possession of residential premises), and 48.194 (personal service outside the state).

Filing # 46758166 E-Filed 09/21/2016 04:48:09 PM

IN THE CIRCUIT COURT FOR THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 16-024098 CA 01

JACQUELINE ALAYON CABALLERO,

      Plaintiff,

vs.

OASIS OUTSOURCING ADMIN II, INC.,
a Florida for profit corporation f/k/a PAY
ADMIN II, INC., a Florida for profit corporation,
f/k/a A-1 CONTRACT STAFFING VI, LLC, a Florida
limited liability company; SUBWAY 5382 INC.,
a Florida corporation and SUBWAY 57575 INC.,
a Florida corporation.

      Defendants,

_____/

THE STATE OF FLORIDA:

      YOU ARE COMMANDED to serve this Summons and a copy of the Complaint
in this action on the Defendant:  SUBWAY 5382 INC., a Florida corporation.

    1)    By serving, Authorized Agent for Service of Process for SUBWAY 5382
        INC. ,a Florida corporation

            **STEVEN BRACKEN**
            **4960 SW 72nd Avenue**
            **SUITE 302**
            **MIAMI, FL 33155**

      Each Defendant is hereby required to serve written defenses to the Complaint on
Plaintiff's attorney, to-wit:

             **ANTHONY V. FALZON ESQUIRE**
        **SIMON, SCHINDLER & SANDBERG, L.L.P.**
             **2650 Biscayne Boulevard**
             **Miami, Florida  33137-4590**

**Tel: (305) 576-1300**
**Fax. (305) 576-1331**

within twenty (20) days after service of this summons upon that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on _____

                         HARVEY RUVIN
                         as Clerk of said Court

                         By:_____

(Court Seal)                             as Deputy Clerk

IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this Summons to file a written response to the Petition in this Court. A phone call will not protect you; your written response, including the above case number and named parties, must be filed if you want the Court to hear your case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, it should be filed with the Court, located at:

Miami Dade County Courthouse
73 West Flagler Street
Miami, FL 33130

EXPLANATION

The Summons form for personal service on individuals is to be used for service on individuals under the following provisions: Florida Statutes 48.031 (service of process generally) 48.041 (service on minors), 48.042 (service on incompetents), 48.051 (service on state prisoners), 48.103 (service of process in action for possession of residential premises), and 48.194 (personal service outside the state).

Filing # 46758166 E-Filed 09/21/2016 04:48:09 PM

IN THE CIRCUIT COURT FOR THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 16-024098 CA 01

JACQUELINE ALAYON CABALLERO,

       Plaintiff,

vs.

OASIS OUTSOURCING ADMIN II, INC.,
a Florida for profit corporation f/k/a PAY
ADMIN II, INC., a Florida for profit corporation,
f/k/a A-1 CONTRACT STAFFING VI, LLC, a Florida
limited liability company; SUBWAY 5382 INC.,
a Florida corporation and SUBWAY 57575 INC.,
a Florida corporation.

       Defendants,
_____/

THE STATE OF FLORIDA:

       YOU ARE COMMANDED to serve this Summons and a copy of the Complaint
in this action on the Defendant: SUBWAY 57575 INC., a Florida corporation.

      1)    By serving, Authorized Agent for Service of Process for SUBWAY 57575
           INC., a Florida corporation

          **STEVEN BRACKEN**
          **4960 SW 72nd Avenue**
          **SUITE 302**
          **MIAMI, FL 33155**

       Each Defendant is hereby required to serve written defenses to the Complaint on
Plaintiff's attorney, to-wit:

          **ANTHONY V. FALZON ESQUIRE**
       **SIMON, SCHINDLER & SANDBERG, L.L.P.**
           **2650 Biscayne Boulevard**
            **Miami, Florida 33137-4590**

**Tel: (305) 576-1300**
**Fax. (305) 576-1331**

within twenty (20) days after service of this summons upon that defendant, exclusive
of the day of service, and to file the original of the defenses with the Clerk of this
Court either before service on Plaintiff's attorney or immediately thereafter.  If a
defendant fails to do so, a default will be entered against that defendant for the relief
demanded in the complaint or petition.

DATED on _____

HARVEY RUVIN
as Clerk of said Court

By:_____
as Deputy Clerk

(Court Seal)

IMPORTANT

A lawsuit has been filed against you.  You have 20 calendar days after this Summons to file a written response to the Petition in this
Court.  A phone call will not protect you; your written response, including the above case number and named parties, must be filed if you
want the Court to hear your case.  If you do not file your response on time, you may lose the case, and your wages, money, and property
may thereafter be taken without further warning from the Court.  There are other legal requirements.  You may want to call an attorney
right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, it should be filed with the Court, located at:

Miami Dade County Courthouse
73 West Flagler Street
Miami, FL 33130

EXPLANATION

The Summons form for personal service on individuals is to be used for service on individuals under the following provisions: Florida
Statutes 48.031 (service of process generally) 48.041 (service on minors), 48.042 (service on incompetents), 48.051 (service on state
prisoners), 48.103 (service of process in action for possession of residential premises), and 48.194 (personal service outside the state).

printing document

Filing # 46758166 E-Filed 09/21/2016 04:48:09 PM

IN THE CIRCUIT COURT FOR THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 16-024098 CA 01

JACQUELINE ALAYON CABALLERO,

     Plaintiff,

vs.

OASIS OUTSOURCING ADMIN II, INC.,
a Florida for profit corporation f/k/a PAY
ADMIN II, INC., a Florida for profit corporation,
f/k/a A-1 CONTRACT STAFFING VI, LLC, a Florida
limited liability company; SUBWAY 5382 INC.,
a Florida corporation and SUBWAY 57575 INC.,
a Florida corporation.

     Defendants,

_____/

THE STATE OF FLORIDA:

     YOU ARE COMMANDED to serve this Summons and a copy of the Complaint in this action on the Defendant: OASIS OUTSOURCING ADMIN II, INC., a Florida for profit corporation formerly known as PAY ADMIN II, INC., a Florida for profit corporation which in turn was formerly known as A-1 CONTRACT STAFFING VI, LLC, a Florida limited liability company.

     1)    By serving, Authorized Agent for Service of Process for OASIS OUTSOURCING ADMIN II, INC., a Florida for profit corporation formerly known as PAY ADMIN II, INC., a Florida for profit corporation which in turn was formerly known as A-1 CONTRACT STAFFING VI, LLC, a Florida limited liability company.

**TERRY P. MAYOTTE**
**2054 VISTA PARKWAY**
**SUITE 300**
**WEST PALM BEACH, FL 33411**

Each Defendant is hereby required to serve written defenses to the Complaint on Plaintiff's attorney, to-wit:

**ANTHONY V. FALZON ESQUIRE**
**SIMON, SCHINDLER & SANDBERG, L.L.P.**
**2650 Biscayne Boulevard**
**Miami, Florida  33137-4590**
**Tel: (305) 576-1300**
**Fax. (305) 576-1331**

**within twenty (20) days after service of this summons upon that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.**

DATED on ___9/28/2016_____

                                   HARVEY RUVIN
                                   as Clerk of said Court

                                   By:_____ 309876

(Court Seal)                                   as Deputy Clerk

### IMPORTANT

A lawsuit has been filed against you.  You have 20 calendar days after this Summons to file a written response to the Petition in this Court.  A phone call will not protect you; your written response, including the above case number and named parties, must be filed if you want the Court to hear your case.  If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court.  There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, it should be filed with the Court, located at:

Miami Dade County Courthouse
73 West Flagler Street
Miami, FL 33130

### EXPLANATION

The Summons form for personal service on individuals is to be used for service on individuals under the following provisions: Florida Statutes 48.031 (service of process generally) 48.041 (service on minors), 48.042 (service on incompetents), 48.051 (service on state prisoners), 48.103 (service of process in action for possession of residential premises), and 48.194 (personal service outside the state).

Filing # 46758166 E-Filed 09/21/2016 04:48:09 PM

IN THE CIRCUIT COURT FOR THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 16-024098 CA 01

JACQUELINE ALAYON CABALLERO,

       Plaintiff,

vs.

OASIS OUTSOURCING ADMIN II, INC.,
a Florida for profit corporation f/k/a PAY
ADMIN II, INC., a Florida for profit corporation,
f/k/a A-1 CONTRACT STAFFING VI, LLC, a Florida
limited liability company; SUBWAY 5382 INC.,
a Florida corporation and SUBWAY 57575 INC.,
a Florida corporation.

       Defendants,

_____/

THE STATE OF FLORIDA:

       YOU ARE COMMANDED to serve this Summons and a copy of the Complaint
in this action on the Defendant: SUBWAY 5382 INC., a Florida corporation.

       1)    By serving, Authorized Agent for Service of Process for SUBWAY 5382
             INC. ,a Florida corporation

             **STEVEN BRACKEN**
             **4960 SW 72nd Avenue**
             **SUITE 302**
             **MIAMI, FL 33155**

       Each Defendant is hereby required to serve written defenses to the Complaint on
Plaintiff's attorney, to-wit:

             **ANTHONY V. FALZON ESQUIRE**
       **SIMON, SCHINDLER & SANDBERG, L.L.P.**
              **2650 Biscayne Boulevard**
              **Miami, Florida 33137-4590**

Tel: (305) 576-1300
Fax. (305) 576-1331

within twenty (20) days after service of this summons upon that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on ___9/28/2016_____

HARVEY RUVIN
as Clerk of said Court

By: _Andrella Steers_ 309976_
as Deputy Clerk

(Court Seal)

### IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this Summons to file a written response to the Petition in this Court. A phone call will not protect you; your written response, including the above case number and named parties, must be filed if you want the Court to hear your case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, it should be filed with the Court, located at:

Miami Dade County Courthouse
73 West Flagler Street
Miami, FL 33130

### EXPLANATION

The Summons form for personal service on individuals is to be used for service on individuals under the following provisions: Florida Statutes 48.031 (service of process generally) 48.041 (service on minors), 48.042 (service on incompetents), 48.051 (service on state prisoners), 48.103 (service of process in action for possession of residential premises), and 48.194 (personal service outside the state).

Filing # 46758166 E-Filed 09/21/2016 04:48:09 PM

IN THE CIRCUIT COURT FOR THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 16-024098 CA 01

JACQUELINE ALAYON CABALLERO,

      Plaintiff,

vs.

OASIS OUTSOURCING ADMIN II, INC.,
a Florida for profit corporation f/k/a PAY
ADMIN II, INC., a Florida for profit corporation,
f/k/a A-1 CONTRACT STAFFING VI, LLC, a Florida
limited liability company; SUBWAY 5382 INC.,
a Florida corporation and SUBWAY 57575 INC.,
a Florida corporation.

      Defendants,
_____/

THE STATE OF FLORIDA:

      YOU ARE COMMANDED to serve this Summons and a copy of the Complaint
in this action on the Defendant:  SUBWAY 57575 INC., a Florida corporation.

      1)    By serving, Authorized Agent for Service of Process for SUBWAY 57575
           INC., a Florida corporation

             **STEVEN BRACKEN**
             **4960 SW 72nd Avenue**
             **SUITE 302**
             **MIAMI, FL 33155**

      Each Defendant is hereby required to serve written defenses to the Complaint on
Plaintiff's attorney, to-wit:

               **ANTHONY V. FALZON ESQUIRE**
         **SIMON, SCHINDLER & SANDBERG, L.L.P.**
              **2650 Biscayne Boulevard**
              **Miami, Florida  33137-4590**

**Tel: (305) 576-1300**
**Fax. (305) 576-1331**

within twenty (20) days after service of this summons upon that defendant, exclusive
of the day of service, and to file the original of the defenses with the Clerk of this
Court either before service on Plaintiff's attorney or immediately thereafter. If a
defendant fails to do so, a default will be entered against that defendant for the relief
demanded in the complaint or petition.

DATED on ___9/28/2016_____

HARVEY RUVIN
as Clerk of said Court

By: _Shedreka Glover_ 309876
as Deputy Clerk

(Court Seal)

**IMPORTANT**

A lawsuit has been filed against you. You have 20 calendar days after this Summons to file a written response to the Petition in this
Court. A phone call will not protect you; your written response, including the above case number and named parties, must be filed if you
want the Court to hear your case. If you do not file your response on time, you may lose the case, and your wages, money, and property
may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney
right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, it should be filed with the Court, located at:

Miami Dade County Courthouse
73 West Flagler Street
Miami, FL 33130

**EXPLANATION**

The Summons form for personal service on individuals is to be used for service on individuals under the following provisions: Florida
Statutes 48.031 (service of process generally) 48.041 (service on minors), 48.042 (service on incompetents), 48.051 (service on state
prisoners), 48.103 (service of process in action for possession of residential premises), and 48.194 (personal service outside the state).